# IN THE COURT OF APPEALS OF IOWA

No. 16-0032
Filed March 23, 2016

**IN THE INTEREST OF L.S.,**
**Minor Child,**

**J.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

A father appeals from the juvenile court's order terminating his parental rights to his minor child. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Patricia A. Rolfstad, Davenport, for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**PER CURIAM.**

The father appeals from the juvenile court's order terminating his parental rights to his minor child, born in June 2013.[1] The father maintains the State has failed to prove by clear and convincing evidence that the statutory grounds for termination have been met, that termination was in the child's best interest, and that his parental rights should be terminated in spite of the closeness of the parent-child bond.

The father had been incarcerated for much of L.S.'s lifetime and was still incarcerated at the time of the termination proceedings. During his incarceration, he had only limited contact with L.S. and none during the months leading up to the termination hearing. Because L.S. could not be returned to the father's care, termination of the father's parental rights is in her best interests, and no permissive factor weighs against termination, we affirm.

**I. Background Facts and Proceedings.**

The Iowa Department of Human Services (DHS) became involved with the family in the fall of 2014. At the time, the father was in jail on multiple charges of attempted burglary, burglary, and theft, as well as one count of criminal mischief. L.S. was removed from the parents' care and placed with relatives.

The father remained incarcerated throughout the pendency of the proceedings, and on March 12, 2015, he was sentenced to serve a prison term not to exceed five years. At the termination hearing, the father testified he had a parole hearing scheduled for February 2016 and an anticipated discharge date of January 2017. The paternal grandmother had brought L.S. to visit the father in

---

[1] The parental rights of the mother were also terminated. She does not appeal.

jail one or two times in late 2014, but he had not seen the child since and had not sent cards or letters to maintain contact with her. According to the father's testimony, he had completed an eight-week substance abuse course and at least one parenting class while incarcerated.

On December 22, 2015, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (d), (e), (h), and (i) (2015).

The father appeals.

## II. Standard of Review.

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is considered "clear and convincing" when there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.*

## III. Discussion.

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the

court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude termination. *See id.*

When a court terminates parental rights on more than one ground, we may affirm the order on any of the grounds. *See D.W.*, 791 N.W.2d at 707. Here, we have little trouble concluding the State proved grounds for termination pursuant to Iowa Code section 232.116(h). That code section allows the juvenile court to terminate a parent's right if it finds all of the following have occurred: the child is three years of age or younger; has been adjudicated a child in need of assistance; has been removed from the physical custody of the child's parents for at least six of the last twelve months, and the child cannot be returned to the custody of the child's parents at the time of the termination hearing. Iowa Code § 232.116(h). At the time of the termination hearing, L.S. was two years old, had been adjudicated a child in need of assistance in March 2015, had been removed from her parents' care for approximately eleven months, and could not be returned to the father's care because he was incarcerated.

The father maintains termination of his parental rights was not in the child's best interests. At the time of the termination hearing, L.S.—who was two years old—had not seen her father in almost a year. He had not sent her cards or letters. Moreover, in a report to the court, the guardian ad litem reported the child was very well cared for by her relatives, who were willing to adopt her. L.S. was very comfortable with the relatives and knew them as "mom" and "dad." Termination of the father's parental rights will enable L.S. to achieve permanency, which is in her best interests. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J.,

concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")).

The father maintains termination of his parental rights is not necessary because of the closeness of the bond between him and L.S. As we stated above, the father had not had contact with the young child in almost a year at the time of the termination hearing. The record does not support his assertion regarding the closeness of the parent child bond, and no factor weighs against termination.

We affirm the juvenile court's termination of the father's parental rights.

**AFFIRMED.**